IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PAUL BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1368-K-BN |
| | § | |
| PAUL BASHARA and CSC | § | |
| MANAGEMENT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Based on the record now before the Court, and for the reasons explained below, Plaintiff's action should be dismissed without prejudice under Federal Rules of Civil Procedure 16(f) and 41(b) for failure to prosecute and obey orders of this Court.

**Background**

Plaintiff John Paul Boyd, proceeding *pro se*, filed this action in state court on April 7, 2015, and Defendants Paul Bashara and Computer Sciences Corporation then timely removed this case to this Court on May 1, 2015. *See* Dkt. No. 1.

This Court then entered a May 4, 2015 Order Requiring Conference and Status Report requiring that Plaintiff and Defendants' counsel confer in person or by telephone by May 18, 2015 and that the parties then submit a joint status report and

proposed scheduling plan by June 8, 2015. *See* Dkt. No. 7. On June 8, 2015, Defendants filed a report explaining that "[c]ounsel for Defendants attempted to reach Plaintiff John Paul Boyd via phone, U.S. mail, and electronic mail to conduct the Rule 26(f) status conference"; that "Plaintiff did not return any phone calls or respond to mail, including a draft of this report"; that "Defendants attempted to contact Plaintiff again on the date of this filing, June 8, 2015, but Plaintiff did not provide any input by the filing deadline"; and that, "[a]ccordingly, Defendants submit this report on their behalf to comply with the Court's Order and Rule 26(f)." Dkt. No. 13 at 1 n.1.

As the Court has previously explained, *see* Dkt. No. 14, as is his right, Plaintiff has chosen to bring this action without an attorney. Plaintiff has undertaken certain responsibilities through the decision to prosecute his case without an attorney, including (1) that he be aware of the Federal Rules of Civil Procedure and the Local Rules and Standing Orders of this Court (which are all available on the Court's website: http://www.txnd.uscourts.gov/rules/index.html); (2) that he timely comply with any order issued by this Court; and (3) that he cooperate with counsel for Defendant. Because Plaintiff is a *pro se* litigant, the Court may hold his filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiff's lawsuit, and, ultimately, Plaintiff must prove that he is entitled to relief. Neither the Court (or any of its staff) nor counsel for Defendant will serve as *de facto* counsel for Plaintiff. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

The Court's May 4, 2015 Order Requiring Conference and Joint Status Report [Dkt. No. 7] required the parties to confer and submit a Joint Status Report. That order made Defendants' counsel responsible for initiating the conference with Plaintiff and filing the joint status report and proposed scheduling plan. But, while this order was directed to both Plaintiff and Defendants, Plaintiff was required to confer with Defendants' counsel and to provide his input on, and then sign, the joint status report and proposed scheduling plan. The order further warned the parties "that failing to comply with any part of this order may result in the imposition of sanctions. See FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)." Dkt. No. 7 at 5.

And, more generally, as the plaintiff in this case, Plaintiff is responsible for prosecuting his claims and moving the litigation forward. Defendants' report to the Court and the papers from the state court proceedings filed with the notice of removal indicate that Plaintiff has, to date, taken no action in this case since initially filing this action on April 7, 2015.

For all of these reasons, the Court issued an Order to Show Cause on June 10, 2015 [Dkt. No. 14], ordering that, by June 24, 2015, Plaintiff must show good cause in writing for his failure to comply with the Court's May 4, 2015 Order Requiring Conference and Joint Status Report [Dkt. No. 7]. The Order to Show Cause warned Plaintiff that any failure to show good cause may result in appropriate sanctions, including a recommendation to United States District Judge Ed Kinkeade that this case be dismissed without prejudice for failure to comply with the Court's orders or

failure to prosecute pursuant to Federal Rules of Civil Procedure 16(f), 37(f), and/or 41(b).

Plaintiff has made no written response to the Order to Show Cause.

The Court then issued a Second Order to Show Cause on June 25, 2015, setting a show cause hearing for July 15, 2015 at 10:15 a.m. before United States Magistrate Judge David L. Horan, 1100 Commerce Street, 13th Floor, Dallas, Texas; ordering Plaintiff John Paul Boyd to attend this hearing in person, then and there to show cause why he should not be sanctioned under Federal Rules of Civil Procedure 16(f) and/or 41(b), including by dismissal of his claims, for failing to comply with the Court's May 4, 2015 Order Requiring Conference and Status Report [Dkt. No. 7] and June 10, 2015 Order to Show Cause [Dkt. No. 14] and/or for failure to prosecute this action; ordering Defendants' local counsel to attend this hearing; and warning that, if Plaintiff or Defendants' counsel fails to appear at the show cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment. *See* Dkt. No. 17 (citing FED. R. CIV. P. 16(f)(1) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order)).

The Court waited until 10:25 a.m. on July 15, 2015 to convene the show cause hearing. Defendants' local counsel was present, but Plaintiff did not appear. The Court held the hearing, noting Plaintiff's failure to appear on the record and confirming with Defendants' counsel that she and her co-counsel had been unable to contact Plaintiff since the time of this case's removal to this Court.

The Court further notes that Plaintiff has not complied with the Court's June 16, 2015 Order [Dkt. No. 16] noting that Plaintiff has not filed the required certificate of interested persons and ordering that, by June 30, 2015, Plaintiff must comply with Local Civil Rule 81.2 so that the Court can ensure that recusal is not required in this case. Plaintiff has still not filed the required certificate of interested persons.

At the July 15, 2015 show cause hearing, Defendants' counsel candidly noted that, while Defendants' counsel's efforts to reach Plaintiff at the email address and phone number that he provided have all been unsuccessful, Plaintiff did include three different mailing addresses in his original state court papers, *see* Dkt. Nos. 1-3, 1-4, & 1-5, and that Plaintiff may or may not be receiving the Court's orders that have been mailed to the one of those addresses that is listed on the Court's docket (that is, the address that Plaintiff listed in signing his state court petition). The Court's July 15, 2015 Third Order to Show Cause [Dkt. No. 19] also noted that no mailings of orders by the Court had been returned as undelivered at that time.

Nevertheless, the Court afforded Plaintiff one more opportunity to show cause why the undersigned should not recommend that Plaintiff's case be dismissed without prejudice under Federal Rules of Civil Procedure 16(f) and/or 41(b) for failing to comply with the Court's orders and for failure to prosecute this action. The Court set and held a second show cause hearing on August 10, 2015 at 11:00 a.m. before United States Magistrate Judge David L. Horan, 1100 Commerce Street, 13th Floor, Dallas, Texas. Plaintiff John Paul Boyd was ordered to attend this hearing in person, then and there to show cause why he should not be sanctioned under Federal Rules of Civil Procedure

16(f) and/or 41(b), including by dismissal of his claims, for failing to comply with the Court's May 4, 2015 Order Requiring Conference and Status Report [Dkt. No. 7], June 10, 2015 Order to Show Cause [Dkt. No. 14], June 16, 2015 Order [Dkt. No. 16], and June 25, 2015 Second Order to Show Cause [Dkt. No. 17] and for failure to prosecute this action. *See* Dkt. No. 19. The Court warned again that, if Plaintiff or Defendants' counsel fails to appear at the show cause hearing, the Court may impose additional sanctions, including striking pleadings or parts thereof, dismissing claims in whole or in part, and rendering a default judgment. *See id.* (citing FED. R. CIV. P. 16(f)(1) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) for violating pretrial order)).

As ordered, Defendants' local counsel appeared for and attended this hearing, but Plaintiff did not appear, although the Court waited until 11:10 a.m. on August 10, 2015 to convene the hearing. *See* Dkt. No. The Court nevertheless held the hearing, noting Plaintiff's failure to appear on the record. At the hearing, Defendants' local counsel reported that Defendants' counsel had been unable to contact Plaintiff since the time of the first show cause hearing on July 15, 2015.

The Court further notes that, as the Court's direction in its July 15, 2015 Third Order to Show Cause [Dkt. No. 19], the Clerk of the Court mailed the Third Show Cause Order, along with copies of the documents filed as Docket Nos. 3 and 4 as well as the Court's May 4, 2015 Standing Order on Non-Dispositive Motions [Dkt. No. 6], May 4, 2015 Order Requiring Conference and Status Report [Dkt. No. 7], June 10, 2015 Order to Show Cause [Dkt. No. 14], June 10, 2015 Initial Scheduling Order [Dkt. No.

15], June 16, 2015 Order [Dkt. No. 16], and June 25, 2015 Second Order to Show Cause [Dkt. No. 17] to Plaintiff John Paul Boyd at each of the following three addresses: 9809 Walnut Street, Apt. 213, Dallas, TX 75243; 9089 Walnut Street, Apt. 213, Dallas, TX 75243; and 9747 Whitehurst Drive, #113, Dallas, TX 75243. Those mailings have since been returned as undeliverable at the two Walnut Street addresses, but the mailing to the Whitehurst Drive address have not been returned. *See* Dkt. Nos. 20 & 21.

## Legal Standards and Analysis

As the Court has previously explained, the Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a pretrial order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A), in turn, provides: "If a party or a party's officer, director, or managing agent – or a witness designated under [Federal Rule of Civil Procedure] 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: ... (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a

default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." But, when considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, dismissal, or a default judgment, may prove effective. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

The Court also has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Where several months pass without any contact or filing by Plaintiff and without any compliance by Plaintiff with multiple orders of the Court – including the Court's May 4, 2015 Order Requiring Conference and Status Report [Dkt. No. 7], June 10, 2015 Order to Show Cause [Dkt. No. 14], June 16, 2015 Order [Dkt. No. 16], June 25, 2015 Second Order to Show Cause [Dkt. No. 17], and July 15, 2015 Third Order to Show

Cause [Dkt. No. 19] – the Court has no option but to conclude that Plaintiff has abandoned the prosecution of his lawsuit. Plaintiff has prevented this action from proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders. A dismissal of this lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders and take any step to prosecute the action that he filed. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff contacts the Court, the Court should refer the case back to the undersigned for further review.

The Court further directs the Clerk of the Court to mail these Findings, Conclusions, and Recommendation of the United States Magistrate Judge to Plaintiff John Paul Boyd at each of the following three addresses: 9809 Walnut Street, Apt. 213, Dallas, TX 75243; 9089 Walnut Street, Apt. 213, Dallas, TX 75243;  and 9747 Whitehurst Drive, #113, Dallas, TX 75243.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 10, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE